UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

            Plaintiff,

                   Case #10-CR-6096-FPG

v.

                   DECISION & ORDER

JAMES KENDRICK,
PABLO PLAZA (DOB 1972), and
JANINE PLAZA PIERCE,

            Defendants.
_____

   By Text Orders of Hon. Charles J. Siragusa, entered on July 8, 2010 and March 1, 2011, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). ECF Nos. 17, 75. As part of a Second Superseding Indictment involving multiple defendants and alleging a drug conspiracy occurring from 1993 through March 2, 2011 (ECF No. 268), Defendant James Kendrick has been charged with Counts 1-10, 14 and 15 (to wit: Narcotics Conspiracy in violation of 21 U.S.C. § 846; Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(a); Attempted Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; two counts of Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2; two counts of Using Premises for Drug Dealing in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; two counts of Possession of Firearm in Furtherance of Drug Crimes in violation of 18 U.S.C. § 924(c)(1) and 2; Possession and Discharge of Firearms in Furtherance of Drug Crime in violation of 18 U.S.C. §§ 924(c)(1)(a)(iii) and 2; and two counts of Murder While Engaged in Drug Crime in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2); Defendant Pablo Plaza (DOB 1972) has been charged with Counts 1, 4-11 and 14 (to wit: Narcotics Conspiracy in

violation of 21 U.S.C. § 846; two counts of Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2; two counts of Using Premises for Drug Dealing in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; two counts of Possession of Firearm in Furtherance of Drug Crimes in violation of 18 U.S.C. § 924(c)(1) and 2; Possession and Discharge of Firearms in Furtherance of Drug Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and Murder While Engaged in Drug Crime in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2); and Defendant Janine Plaza Pierce has been charged with Counts 1, 10 and 14 (to wit: Narcotics Conspiracy in violation of 21 U.S.C. § 846; Possession and Discharge of Firearms in Furtherance of Drug Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; and Murder While Engaged in Drug Crime in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2).

Defendants filed Pre-Trial Joint Motions (ECF No. 365), the government filed papers in opposition to these motions (ECF No. 444), and Defendants filed supplemental papers (ECF Nos. 449, 489). Hearings were held on June 27, 2013 (ECF No. 473) and August 5, 2013 (ECF No. 505), following which the Magistrate Judge reserved decision on several motions which are the subject of the instant Report and Recommendation filed on November 7, 2014 (ECF No. 616) which recommends that this Court deny Defendants' various motions seeking to dismiss Counts 14 and 15 on jurisdictional grounds; dismiss Counts 14 and 15 on grounds that general aider and abettor liability under 18 U.S.C. § 2 is inapplicable to murders charged under 21 U.S.C. § 848(e); dismiss Count 1 or, alternatively, to inspect the instructions given to the Grand Jury regarding drug quantity proof; dismiss Counts 4 and 7 as duplicitous, unconstitutionally vague and multiplicitous; dismiss Counts 6 and 9 as multiplicitous; and order a Bill of Particulars.

On December 8, 2014, Defendants Kendrick and Plaza-Pierce filed Objections to the following specific conclusions of the Magistrate's Report and Recommendation, namely, that: (1) there is federal jurisdiction over Count 14 notwithstanding the fact that the crime charged in Count 14 was allegedly committed in Indian Country and involved only non-Indians; (2) there is federal jurisdiction over Counts 14 and 15 notwithstanding the fact that the crimes charged in Counts 14 and 15 were not drug-related (and therefore do not implicate interstate commerce); and (3) 18 U.S.C § 2 could be charged in relation to 21 U.S.C. § 848(e)(1)(A). ECF No. 627. On January 8, 2015, the government timely filed its Memorandum in Opposition to Objections by James Kendrick and Janine Plaza-Pierce to Judge Feldman's Report and Recommendation. ECF No. 640.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. Under this provision, "[a] judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* Upon a *de novo* review of the Report and Recommendation, and a review of Defendants' Objections to the Magistrate Judge's Report and Recommendation, the Government's Memorandum in Opposition to the Defendants' Objections, the digital recording of the oral arguments made during the motion hearings held on June 27, 2013 and August 5, 2013, the written submissions of the parties, as well as their motion papers, I find no basis to alter, modify or reject the Magistrate Judge's Report and Recommendation.

No Objections have been filed by or on behalf of Defendant Plaza (DOB '72). As to Defendant Plaza (DOB '72), upon reviewing all matters submitted, I find no basis to alter, modify, or reject any of the findings and conclusions set forth in the Report and

Recommendation. The Magistrate Judge's recommendation to deny the motion to suppress reflects a well-reasoned analysis of the facts and application of the relevant law.

I turn, now, to the objections filed by Defendants Kendrick and Plaza Pierce. Objecting first to the Magistrate Judge's finding of federal jurisdiction over Count 14, Murder While Engaged in Drug Crime (21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2), which alleges that while engaged in an offense punishable under Title 21 U.S.C. § 841(b)(1)(A), i.e., a conspiracy to possess with intent to distribute and to distribute large quantities of drugs, they, along with named codefendants, intentionally killed or caused the intentional killing of Francisco Santos and such killing resulted, Defendants Kendrick and Plaza Pierce argue that because the crime charged in Count 14 was allegedly committed in Indian Country and involved only non-Indians, the New York state courts have exclusive jurisdiction pursuant to the holding of *United States v. McBratney*, 104 U.S. 621 (1881) and, thus, federal subject matter jurisdiction is lacking.

Defendants take care to make clear that they do not disagree with the Magistrate Judge's assessment that neither the Indian Country Crimes Act, 18 U.S.C. § 1152 ("situs of the crime is an element of the offense"), nor the Indian Major Crimes Act, 18 U.S.C. § 1153 ("Indian on Indian" major crime), was applicable in the circumstances presented in this case, or impacted federal court's jurisdiction over Count 14. *See United States v. Markiewicz*, 978 F.2d 786 (2d Cir. 1992). Instead, Defendants take exception to the Magistrate Judge's finding that the *McBratney* ruling did not serve to divest federal court of jurisdiction because Defendants are charged with violating 21 U.S.C. § 848(e)(1)(A), a criminal statute alleging a general federal crime, i.e., a federal law of general applicability that makes certain actions criminal regardless of where they are committed. In *McBratney*, the Supreme Court answered in the negative the question of "whether the Circuit Court of the United States for the District of Colorado has

4

jurisdiction of the crime of murder committed by a white man upon a white man within the Ute Reservation, and within the limits of the State of Colorado." *Id.* at 624. The Court said,

> The act of March 3, 1875 [the enabling act, which provided for the admission of the state of Colorado] necessarily repeals the provisions of any prior statute, or of any existing treaty, which are clearly inconsistent therewith. The *Cherokee Tobacco*, 11 Wall. 616. Whenever, upon the admission of a State into the Union, Congress has intended to except out of it an Indian reservation, or the sole exclusive jurisdiction over that reservation, it has done so by express words.

*Id.* at 623-24.

The Court reasoned that by its admission into the Union by Congress upon an equal footing in all respects with the original states, without any exception as had been made in the treaty and the act establishing a territorial government, the State of Colorado "acquired criminal jurisdiction over its own citizens and other white persons throughout the whole of the territory within its limits, including the Ute Reservation, and that Reservation is no longer within the sole and exclusive jurisdiction of the United States." *Id.* at 624. It followed, therefore, from the Court's reasoning that the Circuit Court of the United States for the District of Colorado had no jurisdiction and was required to deliver up the prisoner to the State of Colorado authorities to be dealt with according to law. *Id.*

The government takes the position that Count 14 charges murder committed while engaged in a drug conspiracy in violation of 21 U.S.C. § 848(e)(1)(A), an offense involving a federal crime of general applicability, one not dependent on where the crime occurred as in *McBratney*. As did the Magistrate Judge, I agree that in *McBratney*, the crime involved a federal enclave law, i.e., "the charge of murder within the boundaries of the Ute Reservation," and consequently, find unpersuasive Defendants' argument that nothing in *McBratney* or its progeny distinguishes between federal laws of general applicability and federal laws where the situs of the crime is an element of the offense. Clearly, in this case, the government need not prove any

5

fact regarding the situs of the charged crime as an element of Count 14, notwithstanding that the fact that Santos' death allegedly occurred on Indian lands. Subject matter jurisdiction properly rests with this Court.

Next, objecting to the Magistrate Judge's finding of federal jurisdiction over Counts 14 and 15, Defendants argue that the crimes charged therein are not drug-related and, therefore, do not implicate interstate commerce. Both Defendants Kendrick and Plaza Pierce are charged in Count 14, which, as stated earlier herein, alleges that while engaged in an offense punishable under Title 21 U.S.C. § 841(b)(1)(A), i.e., a conspiracy to possess with intent to distribute and to distribute large quantities of drugs, they, along with named Codefendants, intentionally killed or caused the intentional killing of Francisco Santos, and such killing resulted. Of these two Defendants, only Defendant Kendrick is charged in Count 15 with Murder While Engaged in Drug Crime (21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2), which alleges that while engaged in an offense punishable under Title 21 U.S.C. § 841(b)(1)(A), i.e., a conspiracy to possess with intent to distribute and to distribute large quantities of drugs, he and a codefendant intentionally killed or caused the intentional killing of Ryan Cooper, and such killing resulted.

The arguments for both Defendants are the same: since, based on the government's proffer at the detention hearing, the government cannot prove a "substantive connection" between the murders of Francisco Santos and Ryan Cooper and a drug conspiracy, as required in *United States v. Aguilar*, 585 F.3d 652, 658 (2d Cir. 2009), these counts must be dismissed. Undoubtedly, "a substantive, and not merely temporal connection is required in order to sustain a conviction under § 848(e)(1)(A)." *Aguilar*, 585 F.3d at 660. To secure a conviction under § 848(e)(1)(A), "the government has no burden to establish that a drug-related motive was the sole purpose, the primary purpose or even that it was equally as important as any non-drug-related purpose, *as long as it was one purpose*." *Aguilar*, 585 F.3d at 658 (quoting *United States v.*

*Desinor*, 525 F.3d 193, 202 (2d Cir. 2008), emphasis added; *see United States v. Santos*, 541 F.3d 63, 69 (2d Cir. 2008)).

The Magistrate Judge found that Defendants' claim that the government cannot prove a "substantive connection" between the murders of Francisco Santos and Ryan Cooper and a drug conspiracy is premature and, additionally, the government's proffer at the detention hearing, "by no means the equivalent of the government's proof at trial," differed both in terms of admissibility and relevance. I agree that it is at trial that the government must establish a legally sufficient relationship between the murders charged in Counts 14 and 15 and the drug conspiracy. Any conclusive finding regarding the existence of such "substantive connection" is fact-determinative. The Magistrate Judge's reasoning is sound and sufficiently cognizes the province of the ultimate fact finder. Thus, resolution of this claim must await the trial in this case and, likewise, any challenge thereto by these Defendants pursuant to Rule 29 of the Federal Rules of Criminal Procedure. For these same reasons, Defendants' further argument that this is not a challenge to the sufficiency of the evidence, but amounts to a jurisdictional challenge that should be addressed at this pretrial stage, on the "as applied" basis similar to that described in two cases they cite, *United States v. Garcia*, 143 F. Supp. 2d 791 (E.D. Mich. 2000) and *United States v. Garcia*, 68 F. Supp. 2d 802 (E.D. Mich. 1999), fares no better.

The final objection to the Report and Recommendation is that the Magistrate Judge misinterpreted the Second Circuit's decision in *United States v. Walker*, 142 F.3d 103 (2d Cir. 1998) and failed to consider available legislative history in finding that 18 U.S.C. § 2, aiding and abetting liability, could be charged in relation to 21 U.S.C. § 848(e)(1)(A). After hearing the parties' arguments, the Magistrate Judge considered as foreclosed by the Second Circuit's decision in *Walker* any claim that Counts 14 and 15 must be dismissed because the charges are "invalid" for alleging liability under 18 USC § 2. I agree.

In *Walker*, the Second Circuit held that aider and abettor liability is available under subsection (e) of 21 U.S.C. § 848, stating that "[t]o the extent that [defendant] Diaz argues, as a matter of law, he cannot be held liable for a violation of § 848(e) as an aider or abettor, we reject his argument." *Walker*, 142 F.3d at 113. The Court reasoned as follows:

> Section 848(e)(1)(A) provides enhanced sentencing for:
>
>> (A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) ... who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results ....
>
> 21 U.S.C. § 848(e)(1)(A). Walter Diaz was convicted for murder on Count 3 under the second prong of 848(e)(1)(A) as a "person engaging in an offense punishable under section 841(b)(1)(A)." This prong mirrors the other sections of § 848 in requiring that the defendant be "engaging in" a large narcotics conspiracy at the time of the murder. However, unlike the other sections of § 848, § 848(e)(1)(A) expressly included language of aiding and abetting liability which applies to all prongs under the section. *See* 21 U.S.C. § 848(e)(1)(A) ("any person ... who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual"); *see also* 18 U.S.C. § 2. Additionally, § 848(m) provides mitigating factors applicable only to § 848(e). One of the factors to be considered is the fact that "the defendant is punishable as principal in the offense which was committed by another, but the defendant's participation was relatively minor." Therefore, by the plain language of the statute, § 848(e)(1)(A) demonstrates clear intent to include liability for aiding and abetting.

*Id.*

No contrary case law supporting dismissal of these counts on the asserted ground has been provided by Defendants, and no mention of the Defendants' view of the availability of aiding and abetting liability is found in the legislative history provided. In view of *Walker*'s authority, the Magistrate Judge's conclusion that these charges are properly lodged is based upon an accurate assessment of existing law. I, therefore, reject Defendants' argument that the Second

Circuit's position in *Walker* regarding "aiding and abetting" as related to 21 U.S.C. § 848(e)(1)(A), somehow faulty or misguided, required dismissal of this count of the Indictment. Moreover, I concur with the Magistrate Judge's position that the trial judge will ultimately define for the jury the specific parameters of accessorial liability based on the trial evidence.

Thus, the Magistrate Judge's recommendation to deny the various motions to dismiss Counts 14 and 15 of the Indictment reflects a well-reasoned analysis of facts and application of the relevant law. Accordingly, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman. ECF No. 616. As set forth herein above, Defendants' Pre-Trial Joint Motions (ECF No. 365) are hereby denied in all respects, with the exception that the motion to dismiss Counts 14 and 15 for failure to prove a drug-related motive for the murders of Santos and Cooper is denied without prejudice to renew by way of a properly made Rule 29 motion at the close of the government's case-in-chief.

IT IS SO ORDERED.

Dated: February 5, 2015
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge