UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

v.

JAMES KENDRICK,

                         Defendant.
_____

Case # 10-CR-6096-FPG

DECISION AND ORDER

On December 19, 2016, Defendant James Kendrick ("Kendrick") was sentenced principally to a term of life imprisonment plus thirty years. As required by statute, Kendrick was also sentenced to terms of supervised release for each of the 8 counts of conviction, and the terms imposed by the Court ranged from 5 to 10 years.

A few hours after the December 19, 2016 sentencing had concluded, the Court notified Kendrick's lawyer, Bobbi C. Sternheim, and counsel for the government, AUSA Everardo Rodriguez, that the supervised release terms imposed by the Court needed to be corrected. The Court tentatively set a re-sentencing proceeding for December 27, 2016, and communicated to the parties the corrected supervised release terms that the Court intended to impose. Specifically, the Court informed the parties that the supervised release terms would be modified as follows:

    Count 2:  Imposed was 10 years, the new term to be imposed would be 5 years
    Count 3:  Imposed was 6 years, the new term to be imposed would be 3 years
    Count 4:  Imposed was 10 years, the new term to be imposed would be 4 years
    Count 5:  Imposed was 5 years, the new term to be imposed would be 3 years
    Counts 6, 10, 14, and 15 will stay the same as was imposed: a term of 5 years

    Overall, the total term of supervised release would be 5 years instead of the previously stated 10 year overall term. All supervised release terms to run concurrently, for an aggregate term of supervised release of 5 years.

Ms. Sternheim subsequently informed her client of this issue, and then prepared a waiver document, which is attached to this Order as Exhibit A. In that waiver document, Kendrick

acknowledges that he has the right to be present in Court when a modification of the supervised release terms imposed at his sentencing is made, that he waives his right to be present at any such proceeding, and that he consents "to imposition of the above-stated modifications without the need for a formal, in-person court appearance." The waiver document was signed by Kendrick, and was witnessed by Ms. Sternheim's investigator, Mr. Geoffrey K. Resnick.

Under the Constitution and Fed. R. Crim. P. 43(a)(3), a criminal defendant has the right to be present during sentencing, and this right extends to resentencing. *United States v. Arrous*, 320 F.3d 355, 359 (2d Cir. 2003). However, a criminal defendant in a non-capital case may waive his right to be present as long as that waiver is knowing and voluntary. *See* Fed. R. Crim. P. 43(c)(1)(B); *United States v. Mara*, 921 F.2d 18, 20 (2d Cir. 1990).

After reviewing the waiver form prepared by Ms. Sternheim, and with no objection from the government, the Court finds that Kendrick's waiver is knowing and voluntary, and based upon Kendrick's consent, the supervised release terms imposed by the Court on December 19, 2016 are hereby vacated, and instead, the following terms of supervised release are imposed:

    On Count 2:  5 years

    On Count 3:  3 years

    On Count 4:  4 years

    On Count 5:  3 years

    On Count 6:   5 years

    On Count 10:  5 years

    On Count 14:  5 years

    On Count 15:  5 years

All terms of supervised release shall run concurrently, for an aggregate term of supervised release of 5 years.

3

All other terms of the sentences imposed by the Court on December 19, 2016 remain in full effect, and the probation department shall prepare a revised Judgment in a Criminal Case that reflects these corrected terms of supervised release.

    IT IS SO ORDERED.

Dated:    December 28, 2016
            Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court