UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

UNITED STATES OF AMERICA,
                                Plaintiff,

                                                                         Case # 10-CR-6096-FPG
v.                                                               DECISION AND ORDER

JAMES KENDRICK, et al.,
                                Defendants.
───────────────────────────────────────────────

## INTRODUCTION

This Decision and Order addresses several post-conviction requests for relief filed by Defendant James Kendrick.

On December 19, 2016, following a jury trial, Kendrick was convicted of multiple crimes involving drugs, firearms, murders, and a criminal enterprise. ECF No. 935. He was sentenced to life plus 30 years. *Id.* On December 25, 2016, Kendrick appealed the judgment of conviction. ECF No. 929.

On July 30, 2019, this Court granted Kendrick's motion for extension of time to file a motion under Federal Rule of Criminal Procedure 33(b)(1). ECF No. 1109. On January 2, 2020, Kendrick filed a Rule 33 motion to vacate and for new trial. ECF No. 1117. He has since filed several documents in support of that motion. ECF Nos. 1118, 1155, 1170, 1171, 1172. However, because Kendrick's appeal remains pending, the Government has not responded to, and the Court has not ruled on, his Rule 33 motion. *See* Fed. R. Crim. P. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.").

On September 8, 2020, Kendrick filed a motion pursuant to 28 U.S.C. §§ 144 and 455 to recuse this Court from presiding over his Rule 33 motion due to alleged bias. ECF No. 1162. The

Government responded in opposition.  ECF No. 1166.  Kendrick filed additional documents in reply.  ECF Nos. 1174, 1175.

Additionally, Kendrick submitted two letter requests to the Court.

The first letter, dated November 22, 2020, requests a copy of Government Exhibit 264-A, which is a hand drawn map of an area searched by a police K-9 unit.  ECF No. 1178.  Kendrick asserts that he needs this document to verify or discredit testimony regarding the size of the area searched.  *Id.*

The second letter, dated November 23, 2020, has not yet been docketed because Kendrick styled it as being filed "ex parte under seal."  In this letter, Kendrick requests an order from the Court advising the Government of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), pursuant to the Due Process Protections Act, P.L. No. 116-182, 134 Stat. Ann. 894 (Oct. 21, 2020).  Kendrick also seeks production of "all evidence that falls under the ambit of the Due Process Protections Act and *Brady v. Maryland*."

For the reasons set forth below, Kendrick's motion for recusal is DENIED.  Further, to the extent that Kendrick wishes his November 23, 2020 letter to be filed ex parte and under seal, that relief is DENIED as lacking any basis in law or fact.  The Clerk of Court is directed to docket the letter publicly.  The Government is directed to file a response to both of Kendrick's letter requests by December 18, 2020.

**DISCUSSION**

Kendrick's motion for recusal is untimely.  It is based on events that took place in 2016 during discovery and trial.  Specifically, Kendrick claims that the Court intimidated his defense attorney, Bobbi Sternheim, in connection with her request for the issuance of subpoenas under Federal Rule of Civil Procedure 17, and permitted testimony at Kendrick's trial that was

2

inconsistent with the factual basis for the plea of one of Kendrick's co-defendants. ECF No. 1162 at 5, 6; ECF No. 1174 at 5-8; ECF No. 1175 at 2-7. Notably, Ms. Sternheim, who represented Kendrick throughout trial, never filed a motion for recusal based on these or any other circumstances. And Kendrick himself waited for over four years to file it.

"A party must bring a disqualification motion 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *United States v. Brinkworth*, 68 F.3d 633, 639 (2d Cir. 1995) (quoting *Apple v. Jewish Hosp.*, 829 F.2d 326, 333 (2d Cir. 1987)). Kendrick did not do so here. Thus, to decide whether his § 455(a) motion is timely, the Court applies a four-factor test which asks whether: "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Brinkworth*, 68 F.3d at 639 (quoting *Apple*, 829 F.2d at 334 (citations omitted)).

Here, first, Kendrick participated in a substantial manner in trial and pre-trial proceedings. His trial was several weeks long, it was completed years ago, and he pursued an appeal at the Second Circuit. Second, granting Kendrick's motion now would be a waste of judicial resources given that this case is effectively over except for Kendrick's pending Rule 33 motion. This Court presided over the pretrial and trial proceedings and remains best suited to address the issues in the Rule 33 motion. Third, Kendrick's motion was made over four years after the entry of judgment against him in this case. Finally, Kendrick does not even attempt to demonstrate good cause for delay. Accordingly, the Court finds that the motion is untimely. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (noting that "a motion for recusal filed weeks after the conclusion of . . . trial is presumptively untimely absent a showing of good cause for its tardiness");

*Simons v. United States*, No. CV-00-2060 (DGT), 2007 U.S. Dist. LEXIS 46964, at *18 n.10 (E.D.N.Y. June 28, 2007) (describing motion for recusal filed in connection with § 2255 proceeding as "clearly untimely" where it was based upon conduct that occurred during the trial).

Even if Kendrick's motion were timely, nothing in it suggests that the Court is biased against him. Kendrick claims (1) that Ms. Sternheim told him that the Court "reamed [her] out" for filing the Rule 17 subpoenas, ECF No. 1162 at 5, and (2) that the Court allowed testimony to be admitted at trial that was inconsistent with the factual basis for a co-defendant's plea. ECF No. 1174 at 5-8; ECF No. 1175 at 2-7. However, "[r]ecusal is not warranted where the [] challenged conduct consists of judicial rulings . . . and ordinary admonishments to counsel." *United States v. Halkbank,* No. 15 Cr. 867 (RMB), 2020 U.S. Dist. LEXIS 153036, at *37 (S.D.N.Y. Aug. 24, 2020) (quoting *Balkany v. United States*, No. 17cv8977 (DLC), 2017 U.S. Dist. LEXIS 196149, at *3 (S.D.N.Y. Nov. 29, 2017), *aff'd*, 751 F. App'x 104 (2d Cir. 2018)).

Accordingly, Kendrick's motion for recusal is DENIED.

## CONCLUSION

For the foregoing reasons, Kendrick's motion for recusal is DENIED. Further, to the extent that his November 23, 2020 letter constitutes a request to be filed ex parte and under seal, that relief is DENIED. The Clerk of Court is directed to docket the letter publicly. The Government is directed to file a response to both of Kendrick's letter requests by December 18, 2020.

IT IS SO ORDERED.

Dated: December 8, 2020
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4